UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIFFANY ALLEN,

    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

    Defendant.

Case No. 2:15-cv-11394
Hon. Matthew F. Leitman
Mag. Elizabeth A. Stafford

## PLAINTIFF'S RESPONSE TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT

**NOW COMES** the Plaintiff, Tiffany Allen, by and through her counsel, Michigan Consumer Credit Lawyers, who, for her Response to Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment, states as follows:

Experian Information Solutions, Inc.'s reinvestigation procedure was woefully in adequate in this case, as it failed to touch on the actual basis of the dispute posited by Ms. Allen.  By failing to even raise the crux of Plaintiff's dispute with Comenity Bank, Experian made it a foregone conclusion that Comenity would simply "verify the present and previous account status history," without verifying that American Laser Skincare provided the services billed to the Comenity account prior to closing its clinics.  (Doc #12-4).  This failure on the part

of Experian creates a genuine issue of material fact as to whether the reporting at issue is inaccurate, whether Experian conducted a reasonable reinvestigation of Ms. Allen's dispute, and whether Experian's failure to conduct a reasonable reinvestigation was in willful violation of the FCRA.  Further the existence, severity, and cause of Plaintiff's actual damages are questions for the jury in light of Ms. Allen's deposition testimony.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an order denying Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment, and providing Plaintiff with any other relief which is just.

Respectfully submitted,

March 10, 2016

/s/ Gary Nitzkin
GARY D.  NITZKIN  P41155
Michigan Consumer Credit Lawyers
Attorney for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gnitzkin@creditor-law.com

### Proof of Service

I, Amber Gingiloski, hereby state that on March 10, 2016, I served a copy of the within pleading upon all counsel as their address appear of record via email using the court's CM/ECF system.

/s/ Amber Gingiloski

ii

# QUESTIONS PRESENTED

1. Was Experian's reporting of the subject trade line accurate as a matter of law?

    Plaintiffs answer: "No."

    Defendants answer: "Yes."

    The Court should answer: "No."

2. Was Experian's reinvestigation of Plaintiff's dispute reasonable as a matter of law?

    Plaintiffs answer: "No."

    Defendants answer: "Yes."

    The Court should answer: "No."

3. Should Plaintiff's claim for willful violation of the FCRA be dismissed as a matter of law?

    Plaintiffs answer: "No."

    Defendants answer: "Yes."

    The Court should answer: "No."

4. Should Plaintiff's claim for negligent violation of the FCRA be dismissed as a matter of law?

    Plaintiffs answer: "No."

    Defendants answer: "Yes."

    The Court should answer: "No."

# TABLE OF CONTENTS

PLAINTIFF'S RESPONSE TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT ……………. i

Proof of Service…………………………………………………………..…..… ii

Question Presented…………………………………..…………………….….. iii

Table of Contents………………………………….…………………………...… iv

Index of Authority………………………….….……………………....… v

BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT ……………………………………………………………….… 1

Statement of Facts………………………………….………....……. 1

Law and Argument……………………………………………….......…. 3

Conclusion…………………………………………...………….……..… 10

# INDEX OF AUTHORITY

**Cases**

*DeAndrade v Trans Union LLC*, 523 F.3d 61 (1st Cir., 2008)……………………. 7

*Brill v Trans*, 2015 U.S. Dist. LEXIS 167980 (W.D. Wisc. 2015)…………..…… 7

*Carvalho v Equifax Info. Servs., LLC*, 588 F. Supp. 2d 1089 (N.D. Cal. 2008)..… 7

*Quinn v. Experian*, 02 C 5908, 2004 WL 609357 (N.D. Ill. 2004)……………….. 7

*Birmingham v. Experian Information Solutions, Inc.*, 633 F.2d 1006 (10th Cir. 2011)…………………………………………………………………………………. 9

*Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47 (2007)………………………………. 9

*Roberts v. Trans Union LLC*, 05-74224, 2007 WL 1308682 (E.D. Mich. May 3, 2007)……………………………………………………………………………...… 10

*Philbin v. Trans Union LLC*, 101 F.3d 957 (3rd Cir. 1996)………………...…… 10

*Ruffin-Thompkins v Experian Information Solutions, Inc.*, 422 F.3d 603, 609 (7th Cir. 2005)……………………………………………………………………….…… 10

**Statutes**

15 U.S.C. § 1681e(b)……………………………………………………..………….. 5

15 U.S.C. § 1681(a)(1)(A)…………………………………………………………… 5

**Rules**

Fed. R. Civ. P. 56……………………………………………………………………. 3

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**

I.   STATEMENT OF FACTS

In 2012 entered into an agreement with American Laser Skincare for laser hair removal treatments, which were to be performed by American Laser Skincare over the course of several years. (Exhibit A, p. 7). The cost of the treatment program was financed by American Laser Skincare through Comenity Bank. (Exhibit A, p. 8). Thereafter, Ms. Allen began to make payments on the Comenity Bank account. (Exhibit A, p. 13).

However, in November of 2014, Plaintiff found that none of the phone numbers for American Laser Skincare were being answered, when Plaintiff attempted to schedule a laser hair removal treatment. (Exhibit A, p. 14-15). In attempting to reach American Laser Skincare, Ms. Allen visited its website and learned that all American Laser Skincare clinics had closed. (Exhibit A, p. 14-15; Exhibit B). Thereafter, Ms. Allen stopped making payments on the Comenity Bank account, as she was unable to receive the treatments charged to the account. (Exhibit A, p. 13). Plaintiff never received any communications from American Laser Skincare regarding its closing, or the laser hair removal treatments owed to Plaintiff. (Exhibit A, p. 15).

1

Shortly thereafter, Plaintiff learned that Comenity Bank was reporting the account as past-due to Defendant Experian Information Solutions, Inc. ("Experian"), through a credit monitoring services in which she was enrolled. (Exhibit A, p. 24). On January 20, 2015, Ms. Allen, through her counsel, sent a letter to Experian disputing the trade line furnisher by Comenity Bank, which provided that:

> Comenity Capital Bank/ALS, Account Number: 5780979940252257. You are reporting this trade line on my credit report stating that I was late in making my payment by 60 days and that I owe a balance of $3,812.00. This is false. This balance is the result of a package of services that I purchased but never received from American Laser Skincare. It had closed its clinic before I could obtain these services. Please see the attached printout from www.americanlaser.com confirming that American Laser closed its clinics. Please remove the balance of $3,812.00 and the "60 days past due" language from my credit report.

(Exhibit C). Plaintiff attached a copy of the notice from the American Laser Skincare website regarding the closing of its clinics to her January 20, 2015, dispute letter. (Exhibit B).

Upon receiving Plaintiff's dispute, Experian sent a Comenity Bank an Automated Credit Dispute Verification form ("A/CDV"), which contained images of the January 20, 2015, dispute letter and its attachment. (Exhibit D; Doc # 12-4). The A/CDV "ask[ed] Comenity to verify the present and previous account status history." (Exhibit D; Doc # 12-4). Comenity Bank responded to the A/CDV by

"telling Experian that all information was accurate." (Doc # 12-4). "Based on Comenity's verification of the late payments, they were retained on file for the trade and correspondence confirming this was mailed to the Plaintiff on February 4, 2015." (Doc # 12-4).

Plaintiff then filed the instant lawsuit alleging claims against Experian under the Fair Credit Reporting Act. (Doc #1). Subsequent to the filing of the Complaint, Comenity Bank directed Experian to remove the dispute trade line from Plaintiff's Experian credit file. (Doc # 12-4). Experian now seeks dismissal of Plaintiff's claims pursuant to Fed. R. Civ. P. 56.

### III. LAW AND ARGUMENT

Upon receiving Plaintiff's dispute letter, Experian relied upon its standard reinvestigation procedure; namely, the sending of an A/CDV containing the dispute letter and its attachment to the information furnisher, in this case Comenity Bank, to verify credit information. (Doc # 12-4). While this reinvestigation procedure may be reasonable in the context of most credit dispute, it was woefully in adequate in this case, failing to touch on the actual basis of the dispute posited by Ms. Allen. Plaintiff's dispute was not that she made timely payments which were inaccurately reported as late. Plaintiff's dispute was that she did not, and could not, receive the laser hair removal treatments charged to the Comenity

3

Account because American Laser Skincare closed its clients, and that she could not be late in making payments she did not owe. (Exhibit C).

This is reflected in the January 20, 2015, dispute letter, which states:

I dispute the following:

- Comenity Capital Bank/ALS, Account Number: 5780979940252257. You are reporting this trade line on my credit report stating that I was late in making my payment by 60 days and that I owe a balance of $3,812.00. This is false. This balance is the result of a package of services that I purchased but never received from American Laser Skincare. It had closed its clinic before I could obtain these services. Please see the attached printout from www.americanlaser.com confirming that American Laser closed its clinics. Please remove the balance of $3,812.00 and the '60 days past due' language from my credit report.

(Exhibit C).

Nevertheless, Experian sent Comenity Bank an A/CDV "asking Comenity to verify the present and previous account status history," making no mention of the true nature of Plaintiff's dispute; namely, that she does not owe the balance reported by Comenity Bank because it "is the result of a package of services that [Ms. Allen] purchased but never received from American Laser Skincare," which "closed its clinic before [she] could obtain th[ose] services." (Exhibits C and D; Doc # 12-4). Review of the A/CDV reveals that Comenity Bank was only asked to "Verify Payment History Profile, Account Status, and Payment History." (Exhibit D). Comenity was never asked anything about whether Plaintiff had received the

4

services charged to the account, or whether American Laser Skincare had closed, by Experian. (*See* Exhibit D; Doc #12-4).

Regarding the accuracy of credit report, consumer reporting agencies, such as Experian, "shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). In furtherance of this duty, Experian is required to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" upon receipt of a credit dispute. 15 U.S.C. § 1681(a)(1)(A).

In order to expedite this reinvestigation process, Experian utilizes its A/CDV procedure. However, Experian acknowledges that "some disputes may present circumstances that make the A/CDV process alone inadequate." (Doc # 12, Pg ID 88). The dispute at issue in this case is such as dispute, as shown by the fact that A/CDV Experian sent to Comenity Bank is silent as to the crux of Ms. Allen's dispute; that she did not, and could not, receive the laser hair removal treatments charged to the Comenity account because American Laser Skincare closed its clinics. (Exhibits C and D). Only by virtue of American Laser Skincare's failure to perform the services charged to the Comenity Bank account would Ms. Allen be relieved of her duty to make timely payment on the account. Accordingly, it was a

5

foregone conclusion that Comenity Bank would "verify the present and previous account status history" through Experian's A/CDV procedure, since Experian failed to ask Comenity Bank to verify whether American Laser Skincare closed its clinics and verify that Plaintiff had received the services billed to the account. (Doc #12-4). Therefore, Experian's reinvestigation of Ms. Allen's dispute was by no means reasonable as a matter of law, as it ignored the focus of the dispute.

In fact, Experian's motion almost entirely ignores the crux of Plaintiff's dispute, focusing almost exclusively on Comenity Bank's verification that no payment had been made on the account in sixty days. Experian attempts to excuse its utter failure to raise the true focus of Plaintiff's dispute with Comenity Bank by alleging that Plaintiff's dispute "creates a legal question regarding Plaintiff's continuing obligation to Comenity when the underlying contract cannot be fulfilled." (Doc #12, Pg ID 89). Experian's position, however, is incorrect.

Experian's position assumes that Comenity would deny that American Laser Skincare failed to provide the services billed to the account, and/or deny that American Laser Skincare had closed its clinics. Had Experian actually asked Comenity to verify that the services billed to the account were actually provided and/or verify that American Laser Skincare's clinics remained open, and Comenity verified the same, then "a legal question regarding Plaintiff's continuing obligation to Comenity" may have arisen. (Doc #12, Pg ID 89). However, it is entirely

possible that Comenity would verify that American Laser Skincare did not provide the services billed to the account and had closed its clinics, in which case there would be no dispute that Ms. Allen's obligation to Comenity had been extinguished. Experian's failure to even raise the issues of whether American Laser Skincare provided the services billed to the account or closed its clinics prevented the legal question it relies upon in defense of Plaintiff's claims from ever arising. Accordingly, Experian's reliance upon the line of cases which excuse consumer reporting agencies from making legal determinations is a red herring. *See DeAndrade v Trans Union LLC*, 523 F.3d 61, 68 (1st Cir., 2008). *See also Brill v Trans*, 2015 U.S. Dist. LEXIS 167980 (W.D. Wisc. 2015) and *Carvalho v Equifax Info. Servs., LLC*, 588 F. Supp. 2d 1089 (N.D. Cal. 2008).

It is ironic that Defendant assumed that Comenity would deny that American Laser Skincare failed to provide the services billed to the account, and/or deny that American Laser Skincare had closed its clinics, in light of Experian's reliance upon *Quinn v. Experian*, 02 C 5908, 2004 WL 609357 (N.D. Ill. 2004) attached as Exhibit E, for its assertion that the A/CDV procedure is adequate where there is no reason for the consumer reporting agency to know that the furnisher was an unreliable source or had failed to perform a full and complete reinvestigation. Here, Experian appears to have assumed that Comenity would deny that American Laser Skincare failed to provide the services billed to the account, and/or deny that

American Laser Skincare had closed its clinics, whether or not that was the case. Either Experian had reason to believe that Comenity was an unreliable source, avoiding the question as to whether American Laser Skincare failed to provide the services billed to the account and closed its clinics in the course of its reinvestigation of Ms. Allen's dispute, or Experian failed to conduct a reasonable reinvestigation by failing to raise those questions. There is simply no other explanation for Experian's failure to raise these issues with Comenity in the course of its reinvestigation.

This failure on the part of Experian, in and of itself, creates a genuine issue of material fact as to whether the reporting at issue is inaccurate, despite Experian's assertions to the contrary. Experian has come forth with no evidence to suggest that American Laser Skincare provided the services billed to the Comenity account prior to closing its clinics, haven't never questioned Comenity regarding the same. In fact, the evidence in Experian's possession suggests that Comenity's reporting was inaccurate, since Comenity subsequently directed Experian to remove the dispute trade line from Plaintiff's Experian credit file. (Doc # 12-4).

Further, Experian's failure to even request that Comenity verify that American Laser Skincare provided the services billed to the account prior to closing its clinics, creates a genuine issue of material fact as to whether Experian's violation of the FCRA by failing to conduct a reasonable reinvestigation was

8

willful.  As stated in Defendant's brief, a violation must either be intentional or in reckless disregard of consumer reporting agency's duties under the FCRA in order to constitute a willful violation of the Act.  *Birmingham v. Experian Information Solutions, Inc.*, 633 F.2d 1006 (10th Cir. 2011).  Recklessness is measured by "an objective standard: action entailing an unjustifiably high risk of harm that is either known or so obvious that it should be known."  *Id.*, *citing Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47, 57-58 (2007).

In this case, the evidence suggests that Experian was reckless in its failure to conduct a reasonable reinvestigation of Ms. Allen's dispute by failing to even raise the crux of Plaintiff's dispute with Comenity.  As stated above, this failure on the part of Experian made it a foregone conclusion that Comenity would verify that no payment had been made on the account in the past sixty days, thereby avoiding the true issue raised by Plaintiff's dispute.  From an objective standpoint, Experian's failure to raise the crux of Plaintiff's dispute with Comenity entailed an unjustifiably high risk of harm to Ms. Allen, which was either known or was so obvious that it should have been known, since there was zero chance that Comenity would verify that American Laser Skincare failed to provide the services billed to the account prior to closing its clinics because Experian never even bothered to ask.

Finally, Plaintiff testified at her deposition regarding the damages she suffered at the hands of Experian. Ms. Allen plainly testified that finding the subject trade line on her credit report made her angry and upset, because she did not want her credit report to be ruined. (Exhibit A, p. 26-27). Plaintiff is not required to seek medical attention for emotional damages, or produce documents in support of her claim for damages. Instead, Plaintiff's own testimony will suffice. *Roberts v. Trans Union LLC*, 05-74224, 2007 WL 1308682 (E.D. Mich. May 3, 2007); *Philbin v. Trans Union LLC*, 101 F.3d 957 (3rd Cir. 1996); *Ruffin-Thompkins v Experian Information Solutions, Inc.*, 422 F.3d 603, 609 (7th Cir. 2005). Whether Plaintiff can show that the inaccurate trade line was a substantial factor in giving rise to her emotional damages and explain the circumstances of her injury in reasonable detail is a question for the jury.

## IV.   CONCLUSION

Experian's A/CDV reinvestigation procedure was woefully in adequate in this case, as it failed to touch on the actual basis of the dispute posited by Ms. Allen. By failing to even raise the crux of Plaintiff's dispute with Comenity, Experian made it a foregone conclusion that Comenity Bank simply "verify the present and previous account status history" without verifying that American Laser Skincare provided the services billed to the Comenity account prior to closing its

clinics. (Doc #12-4). This failure on the part of Experian creates a genuine issue of material fact as to whether the reporting at issue is inaccurate, whether Experian conducted a reasonable reinvestigation of Ms. Allen's dispute, and whether Experian's failure to conduct a reasonable reinvestigation was in willful violation of the FCRA. Further the existence, severity and cause of Plaintiff's actual damages are questions for the jury in light of Ms. Allen's deposition testimony.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an order denying Defendant Experian Information Solutions, Inc.'s Motion for Summary Judgment, and providing Plaintiff with any other relief which is just.

Respectfully submitted,

March 10, 2016

/s/ Gary Nitzkin
GARY D. NITZKIN P41155
Michigan Consumer Credit Lawyers
Attorney for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gnitzkin@creditor-law.com