UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIFFANY ALLEN,

      Plaintiff,                            Case No. 15-cv-11394
                                                Hon. Matthew F. Leitman

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.

      Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT EXPERIAN
INFORMATION SOLUTIONS, INC.'S MOTION
FOR SUMMARY JUDGMENT (ECF #12)**

In 2015, Defendant Experian Information Solutions, Inc. ("Experian") issued a credit report for Plaintiff Tiffany Allen ("Allen"). Among other things, Experian reported that Allen owed a delinquent debt to Comenity Capital Bank ("Comenity Bank") (the "Disputed Credit Reference"). Allen disputed that she owed the debt, and she contacted Experian and demanded that it remove the Disputed Credit Reference from her credit report. Experian conducted a reinvestigation and ultimately decided not to remove the Disputed Credit Reference. Allen alleges that Experian's reinvestigation was inadequate and violated the requirements of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"). Experian has now moved for summary judgment on Allen's claims (the "Motion"). (*See* ECF

1

#12.)   For the reasons that follow, the Court concludes that Experian's reinvestigation did comply with the FCRA.  The Court therefore **GRANTS** the Motion.

## RELEVANT FACTUAL BACKGROUND

In 2012, Allen purchased a package of laser hair removal treatments from American Laser Skincare ("ALS"). (*See* Allen Dep. at 7, ECF #12-2 at 3, Pg. ID 98.)  Allen financed her purchase through Comenity Bank.  (*See id.* at 8, ECF #12-2 at 4, Pg. ID 99.)  Before Allen could complete her treatments, ALS shut down. (*See* Notice, ECF #13-3 at 1, Pg. ID 171.)  Allen thereafter stopped making her monthly finance payments to Comenity Bank. (*See* Allen Dep. at 13, ECF #12-2 at 5, Pg. ID 100.)  Comenity Bank subsequently reported to Experian that Allen's account was delinquent, and Experian added the Disputed Credit Reference to Allen's credit report.

In or around January 2015, Allen learned that her credit report from Experian included the Disputed Credit Reference. (*See id.* at 24, ECF #12-2 at 7, Pg. ID 102.)  On January 20, 2015, Allen contacted Experian, sent proof that ALS had shut down before she completed her treatments, and demanded that the Disputed Credit Reference be removed from her credit report ("Allen's Demand Letter" or the "Demand Letter"):

> You are reporting this trade line on my credit report
> stating that I was late in making my payment by 60 days

and that I owe a balance of $3,812.00. This is false. This balance is the result of a package of services that I purchased but never received from American Laser Skincare. It had closed its clinic before I could obtain these services. Please see the attached printout from www.americanlaser.com confirming that American Laser closed its clinics. Please remove the balance of $3,812.00 and the "60 days past due" language from my credit report.

(ECF #12-13 at 2, Pg. ID 104.)

Upon receiving Allen's Demand Letter, Experian began a reinvestigation to determine the status of the Disputed Credit Reference. Because Experian could not "independently verify [Allen's] allegations" by reviewing Allen's Demand Letter alone, Experian "sent a request to Comenity [Bank] to verify that [Allen's] payment history was reporting accurately." (Affidavit of Mary Methvin at ¶ 8, ECF #12-4 at 3, Pg. ID 109.)

Experian used an Automated Consumer Dispute Verification Form (the "CDV Form") to communicate its "request" to Comenity Bank. (*See id.* at ¶ 9, ECF #12-4 at 3, Pg. ID 109.) The CDV Form is "the primary method used in the consumer reporting industry . . . to verify credit information with furnishers like Comenity [Bank]." (*Id.*, ECF #12-4 at 3-4, Pg. ID 109-10.) The CDV Form asked Comenity Bank to "verify [Allen's] present and previous account status and history." (*Id.* at ¶ 11, ECF #12-2 at 4, Pg. ID 110.) Importantly, Experian included both Allen's Demand Letter and the attachment to that letter (showing that ALS

had gone out of business) with the CDV Form it sent to Comenity Bank.[1]  Thus, Experian's "request" included three items: the CDV Form, Allen's Demand Letter, and the attachment to the Demand Letter.

Comenity Bank responded to Experian's request and "verifi[ed]" that the information it provided Experian with respect to the Disputed Credit Reference "was accurate." (*Id.* at ¶¶ 12-13, ECF #12-4 at 4, Pg. ID 110.)  Based on Comenity Bank's verification that Allen did in fact owe the bank a delinquent debt, Experian did not remove the Disputed Credit Reference from Allen's credit report at that time. (*See id.* at ¶ 13, ECF #12-4 at 4, Pg. ID 110.)

After Allen filed this suit, "Comenity [Bank] directed Experian to remove the disputed late payments [from Allen's credit report], which [Experian] did." (*Id.* at ¶ 15, ECF #12-4 at 4, Pg. ID 110.)

## PROCEDURAL HISTORY

On March 3, 2015, Allen filed this action against Experian, Comenity Bank, Equifax Information Services, LLC, and Michigan Aesthetic Services, P.C., in the 35th District Court for the State of Michigan. (*See* Compl., ECF #1-1 at 2-13, Pg. ID 8-19.) The Defendants then removed Allen's action to this Court. (*See* Notice of

---

[1] Allen has repeatedly acknowledged – both in her brief (*see* Allen Resp. Br. at 2-3, ECF #13 at 7-8, Pg. ID 153-54) and again during the Court's May 9, 2016, hearing on the Motion – that Experian's request to Comenity Bank included Allen's Demand Letter and attachment.  Thus, that fact is undisputed for purposes of this Motion.

Removal, ECF #1.)  After removal, Allen voluntarily dismissed her claims against all Defendants except for Experian. (*See* Notices, ECF ## 5-7.)

In her Complaint, Allen alleges that Experian "negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Allen in violation of 15 USC 1681e(b) [sic]" and "negligently failed to conduct a reasonable reinvestigation as required by 1681i" after Allen disputed the accuracy of her credit report. (Compl. at ¶¶ 41-42.)   Allen also claims that Experian "willfully" violated these same statutory provisions. (*Id.* at ¶¶ 48-49.)[2]

Experian moved for summary judgment on February 19, 2016. (*See* ECF #12.)  The Court held a hearing on the Motion on May 9, 2016.

## GOVERNING LEGAL STANDARD

A movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact . . . ." *SEC v. Sierra Brokerage Services, Inc.*, 712 F.3d 321, 326–27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)) (quotations omitted).  When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.*

---

[2]  At the hearing on the Motion, Allen's counsel conceded that Allen had abandoned her claims with respect to Experian's procedures that she had brought pursuant to Section 1681e.

"The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson,* 477 U.S. at 252.   Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury."  *Id.* at 251-252.  "Credibility determinations, the weighing of the evidence, and the drafting of legitimate inferences from the facts are jury functions, not those of a judge . . . ." *Id.* at 255.

## ANALYSIS

The FCRA regulates the conduct of agencies like Experian that issue credit reports.  Among other things, when a consumer disputes a reference on her credit report, the FCRA requires credit agencies to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file." 15 U.S.C. §1681i(a)(1)(A).  Allen insists Experian violated this provision when it failed to conduct a reasonable reinvestigation of her complaint with respect to the Disputed Credit Reference.  The Court disagrees.

The reasonableness of a credit reporting agency's reinvestigation should often be assessed by a jury.  However, courts have held that a credit reporting agency's reinvestigation may be reasonable as a matter of law where it sends a CDV Form to a creditor and where it has no evidence that the creditor is an

6

unreliable source. *See, e.g.*, *Fried v. Experian Information Solutions, Inc.*, 14-12865, 2015 WL 5591117, at \*2 (E.D. Mich. Sept. 25, 2015) (holding Experian conducted a "reasonable investigation" when it sent a CDV Form to a company that reported a debt as delinquent and plaintiff provided no evidence that the company was unreliable); *Quinn v. Experian Information Solutions, Inc.*, 2004 WL 609357, at \*6 (N.D. Ill. Mar. 24, 2014) (same).

As these courts have explained,

> [q]uite understandably in light of the staggering amount of credit that fuels our economy and the enormous burden (and hence cost) that a general requirement of more detailed follow-up procedures would impose on the system, *the CDV procedure alone is accepted by courts as an adequate method both for assuring accuracy and for reinvestigation.*

*Lee v. Experian Information Solutions*, 2003 WL 22287351, at \*6 (N.D. Ill. Oct. 2, 2003) (emphasis added).  Notably, the United States Court of Appeals for the Sixth Circuit has affirmed summary judgment in favor of a credit reporting agency where the agency conducted a reinvestigation by engaging in the CDV Form procedure. *See Dickens v. Trans Union Corp*, 18 Fed. App'x 315, 319 (6th Cir. 2001) (affirming summary judgment where credit reporting agency sent consumer's bank an electronic CDV Form, and the bank "verified that the account had been reported accurately . . . .").

Here, after Experian received Allen's Demand Letter, it did more than simply send a CDV Form to Comenity Bank. It attached to the form both Allen's Demand Letter and the internet printout Allen had provided showing that ALS had gone out of business. Simply put, Experian communicated the nature of Allen's dispute to Comenity Bank in Allen's very own words. It is hard to imagine a better way to inform Comenity Bank of the essence of Allen's dispute. And Experian completed and closed its reinvestigation process only after Comenity Bank confirmed that the Disputed Credit Reference "was accurate." (Methvin Aff. at ¶ 12, ECF #12-4 at 4, Pg. ID 110.) Under these circumstances, Experian's reinvestigation and retention of the Disputed Credit Reference on Allen's credit report was reasonable. *See, e.g.*, *Dickens, supra*; *Fried, supra*; and *Quinn, supra*.

Allen counters that Experian's reinvestigation was insufficient because Experian failed to fully inform Comenity Bank about the nature of Allen's dispute. (*See* Allen Br. at 3, ECF #13 at 8, Pg. ID 154.) Allen acknowledges that Experian sent the Demand Letter (and its attachment) to Comenity Bank along with the CDV Form, but she says that that was not a reasonable way to communicate the essence of her dispute to the bank. At the hearing before the Court, Allen's counsel argued that Experian should have expressly referenced the Demand Letter on the CDV Form itself (or should have included on the CDV Form an express direction to review Allen's Demand Letter and attachment). Counsel insisted that

8

without such an express reference to the Demand Letter on the CDV Form itself, the form could not have reasonably communicated to Comenity Bank the true nature of Allen's dispute.

The Court disagrees. Experian sent Comenity Bank a total of three short documents: the CDV Form, Allen's Demand Letter, and the attachment to the Demand Letter. All three documents related directly to the nature of Allen's dispute. It was entirely reasonable for Experian to believe that Comenity Bank (1) would review all three documents in the process of formulating its response to the CDV Form, and (2) had, in fact, reviewed the documents before it confirmed that the Disputed Credit Reference "was accurate." Likewise, any reasonable recipient (in Comenity Bank's position) of the documents sent by Experian would have understood Experian's intent that the documents were intended to be reviewed collectively. Indeed, that is the *only* reasonable conclusion Comenity Bank could have drawn. Otherwise, there would have been no reason for Experian to have included the documents with the CDV Form. Allen's assertion that Experian failed to inform Comenity Bank of the nature of her dispute is belied by the record. Experian's reinvestigation was reasonable as a matter of law.[3]

---

[3] Because the Court concludes that Experian's reinvestigation was reasonable and complied with the FCRA as a matter of law, it need not address Experian's alternative argument that the information it reported with respect to the Disputed Credit Report was accurate.

## <u>CONCLUSION</u>

For the reasons stated above, **IT IS HEREBY ORDERED** that Experian's motion for summary judgment (ECF #12) is **GRANTED**.


s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 10, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 10, 2016, by electronic means and/or ordinary mail.


s/Holly A. Monda
Case Manager
(313) 234-5113